1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   RAYSHUN CORNELIUS TOWNSEND,           No. 2:23-cv-0870 KJN P
12                  Plaintiff,
13         v.                              ORDER
14   FEDERAL EXPRESS
     HEADQUARTERS, et al.,
15
                    Defendants.
16
17

   Plaintiff, a Tennessee county prisoner, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

   The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

////

1

1 | In this case, the claim arose in Shelby County, which is in the Western District of
2 | Tennessee. Therefore, plaintiff's claim should have been filed in the United States District Court
3 | for the Western District of Tennessee. In the interest of justice, a federal court may transfer a
4 | complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v.
5 | McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

6 | Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United
7 | States District Court for the Western District of Tennessee.

8 | Dated: May 16, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

town0870.21

2